[Civ. No. 5651. Second Appellate District, Division Two.—December 26, 1930.]

FLETCHER (a Corporation), Appellant, v. THE ORIGINAL PIT BARBECUE et al., Respondents.

George P. Cook for Appellant.

No appearance for Respondents.

THOMPSON (IRA F.), J.—This is an appeal from a judgment of the superior court affirming a judgment of the municipal court in favor of the defendants in an action upon a promissory note. The findings of the municipal court recite that the sole consideration for the execution

of the note was the purchase by defendants from the payee of the note of his interest in a business known as the Original Pit Barbecue, and that the execution and delivery thereof was upon the express understanding and agreement that in the event the defendants were unable to keep up the payments provided for in the note the seller and payee would retake his interest, and the liability of defendants should cease; that defendants were unable to meet the terms of the note and requested the seller to retake his interest, which he refused to do; that the assignment and transfer of the note by the payee to the plaintiff was solely for the purpose of collection and without valuable consideration therefor. The court further found that the instrument sued upon was not a promissory note for the sum of $1085, but a written instrument which incorporated an understanding and agreement expressed in writing on the reverse side of the note in these words: "In the event of failure to meet terms of note, said one-fourth interest shall revert to Ralph D. Maxwell" (the payee).

We are not furnished the evidence taken at the trial, nor was the superior court. We do find incorporated in the statement of the case the following: "It further appears from the evidence that the sole consideration for the so-called note was the purchase by defendants, from R. D. Maxwell, of a one-fourth interest in the equipment and business above referred to; that said note was executed and delivered by defendants under an express agreement with Maxwell that in the event the defendants were unable to make sufficient profits from said business to keep up payments provided for therein that Maxwell would retake his interest in the equipment and business and that thereupon the defendants' liability to Maxwell would terminate; that defendants were unable from the profits of the business, or otherwise, to make said payments and offered to give back to Maxwell his one-fourth interest in the business, which he refused to accept." It is obvious from this recital that so far as the record before us discloses, the evidence fully sustained the finding of the court to similar effect.

It is insisted, however, by appellant, that the writing indorsed on the back of the note was merely a contemporaneous parol agreement which should not be allowed to vary the terms of the note itself. It is to be observed,

however, that the heading of the note was "Installment note (including interest) Secured by Agreement", which statement "secured by agreement" could only have reference to the writing on the reverse side. The finding of the court is in effect that it was part and parcel of the entire written agreement and the evidence as stated in the record is sufficient for that purpose.

It is also asserted by appellant that the defendants pleaded a conditional sale of the business to themselves and that having placed that interpretation upon the contract are now foreclosed of their right to rely upon the finding which we have heretofore referred to. A complete answer to this argument is the answer of the defendants therein which says: "and that upon failure of said defendants to make the payments in said instrument provided that the one-fourth interest of said Maxwell should revert to him, and the liability and obligation of these defendants thereupon terminate".

Judgment affirmed.

Works, P. J., and Craig, J., concurred.